# NOS. 12-17-00298-CR
## 12-17-00299-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DONALD RAY RUNNELS,*<br>*APPELLANT* | § | *APPEALS FROM THE 123RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Donald Ray Runnels appeals his two convictions for failure to register as a sex offender. In two issues, he argues that the evidence is insufficient to support his convictions and that there is a fatal variance between his indictments and the evidence adduced at trial. We affirm.

### BACKGROUND

Appellant was charged, by separate indictments, with two counts of failure to register as a sex offender, which were alleged to have occurred on or about June 6, 2016, and July 8, 2016. Appellant waived a jury trial in both cases and had a trial before the court. The State called two witnesses, Leah Chase, the sex offender registrar for the Shelby County Sheriff's Office, and Deputy D.J. Dickerson, a Shelby County Sheriff's Deputy, to establish that Appellant failed to disclose his Facebook account and failed to produce a Texas issued driver's license or identification card, as required by Chapter 62 of the code of criminal procedure. After the State rested, Appellant asked the trial court to dismiss the charges because the indictments lacked specificity. The trial court denied Appellant's request. Appellant called one witness, his father, and rested. The trial court found Appellant "guilty" on both counts and ordered a pre-sentence

investigation. After a punishment hearing, the trial court sentenced Appellant to five years of imprisonment to run concurrently. This appeal followed.

**SUFFICIENCY OF THE EVIDENCE**

In Appellant's first issue, he argues that the evidence is insufficient to sustain his convictions for failure to register as a sex offender. Specifically, he argues that the State failed to prove that he acted with the requisite culpable mental state.

**Standard of Review and Applicable Law**

When determining if evidence is sufficient to sustain a conviction, we apply the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010). This standard requires the appellate court to determine whether, considering all the evidence in the light most favorable to the verdict, the fact-finder was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks*, 323 S.W.3d at 899. In doing so, we defer to the fact-finder's credibility and weight determinations, because the fact-finder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Adames v. State,* 353 S.W.3d 854, 860 (Tex. Crim. App. 2011).

Accordingly, the fact finder is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Wise v. State,* 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). When conflicting evidence is presented, we must resolve those conflicts in favor of the verdict and defer to the fact finder's resolution of those conflicts. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. We may not substitute our own judgment for that of the fact finder. *See id.,* 443 U.S. at 319, 99 S. Ct. at 2789; *Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can be alone sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Chapter 62 of the Texas Code of Criminal Procedure defines the scope of Texas's sex offender registration program and delineates the legal duties of those who administer it and those subject to its requirements. *See generally* TEX. CODE CRIM. PROC. ANN. art. 62.001-62.408 (West 2018). A person commits the offense of failure to comply with registration requirements if the person (1) is required to register and (2) fails to comply with any requirement of Chapter 62. *Id.* art. 62.102(a); *Crabtree v. State*, 389 S.W.3d 820, 825 (Tex. Crim. App. 2012). A person is required to register "with the local law enforcement authority in any municipality where he resides or intends to reside for more than seven days" if he has a "reportable conviction or adjudication." TEX. CODE CRIM. PROC. ANN. art. 62.051(a). A person required to register under Chapter 62 must report any changes to online identifiers or any new online identifiers not already on the person's registration form not later than the seventh day after the change or establishment or the first day the applicable authority by policy allows the person to report. *Id.* art. 62.0551. Online identifiers, as defined by Chapter 62, include names used on social networking accounts, such as Facebook. *See id.* art. 62.001(12). A person subject to registration under Chapter 62 is required to apply for a Texas issued driver's license, identification card, or commercial driver's license not later than the 30th day after the person is released from a penal institution, is released by a court on community supervision, or the department sends written notice to the person of the requirements of this Article. *See id.* art. 62.060(a)(1)-(2).

**Analysis**

Appellant argues that the State failed to prove that he acted intentionally or knowingly in not disclosing his Facebook account or showing proof of a Texas driver's license or identification card. He argues that evidence he was "incarcerated and unable to comply with the 'online registration' requirement or the driver's license requirement and in fact had a Louisiana driver's license" shows that he attempted to comply with the law and thus creates reasonable doubt as to whether he acted intentionally or knowingly.

At trial, the State called Leah Chase, the sex offender registrar for the Shelby County Sheriff's Office. Chase testified that Appellant had a conviction from Louisiana that the Texas Department of Public Safety determined was substantially similar, elementally, to the offense of indecency with a child by contact, and was thus, a reportable conviction. The State offered, and the trial court admitted, a certified copy of a document from East Baton Rouge Parish, Louisiana indicating that Appellant pleaded "guilty" to contributing to the delinquency of juveniles and was

given a probated sentence which was revoked on September 21, 2000. Chase testified that Appellant initially registered as a sex offender with Shelby County in 2002 and was aware of his duty to register as a sex offender. She indicated that sex offenders are required to comply with the registration requirements found in Chapter 62 of the Texas Code of Criminal Procedure, which includes disclosing any online identifiers and holding a Texas issued driver's license or identification card.

Chase testified that she was alerted to Appellant's Facebook profile by D.J. Dickerson, a deputy with the Shelby County Sheriff's Office. The State offered photocopies of the profile, which had Appellant's name and photograph, and listed posts made to the Facebook account dating back to 2013. Chase verified that Appellant had not disclosed a Facebook account to the Shelby County Sheriff's Office, in violation of Chapter 62, and relayed the information to Deputy Dickerson, who obtained a warrant for Appellant's arrest. On June 6, 2016, while Appellant was in custody, he requested to speak with Chase. Chase testified that Appellant admitted having a Facebook page and she added the information to his registration. That same day, Appellant made his bond and was released from jail.

On June 14, Appellant met with Chase and she reminded Appellant that he was required to provide the sheriff's office with a current Texas driver's license, to which Appellant replied he would do so by July 1, 2016. Chase testified that she told Appellant on previous occasions that he was required to obtain a Texas driver's license or identification card, but that he failed to comply. She testified that Appellant did not provide his license on July 1. On July 6, Deputy Dickerson contacted Appellant and told him he needed to provide his license and Appellant indicated he would do so the next day. Appellant still failed to provide the license, but called Chase and stated that the driver's license office would not release the license because it was after 2:00 p.m. and he would bring it to her by 8:00 a.m. the following morning. Chase contacted the driver's license office and verified that Appellant had not applied for a license. On July 8, Chase filed a non-compliance report and Appellant was subsequently arrested for the second charge of failure to register as a sex offender. On July 12, more than thirty days after Appellant was released from jail, Appellant finally presented proof that he had obtained a Texas driver's license.

Article 62.102(a) states that a person commits the offense of failure to comply with sex-offender registration "if the person is required to register and fails to comply with any requirement of this chapter." TEX. CODE CRIM. PROC. ANN. art. 62.102(a). Article 62.102(a) does not contain

a culpable mental state, but "if the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." TEX. PENAL CODE ANN. § 6.02(b) (West 2011). As a result, Section 6.02(c) requires that Article 62.102(a) be read to require intent, knowledge, or recklessness to establish criminal responsibility. *Id.* § 6.02(c); *Robinson v. State*, 466 S.W.3d 166, 170 (Tex. Crim. App. 2015). The Court of Criminal Appeals has held that Article 62.102(a) is a "circumstances of conduct" offense because it prohibits otherwise innocent behavior that becomes a crime only under specific circumstances. *Robinson*, 466 S.W.3d at 170. While there is necessarily an additional conduct element, the gravamen of the offense is the duty to register. *See id.* at 170–71. Thus, proof of a culpable mental state applies only to the duty to register element, rather than the failure to comply element. *Febus v. State*, 542 S.W.3d 568, 573 (Tex. Crim. App. 2018) (citing *Robinson*, 466 S.W. 3d at 172). Therefore, in a prosecution for failure to register as a sex offender, it is sufficient if the State proves the defendant's awareness of the registration requirement, and they need not prove an additional culpable mental state regarding his failure to comply. *See Febus*, 542 S.W.3d at 573.

As detailed above, the evidence at trial proved that Appellant was aware of his duty to register as a sex offender. He had been registering as a sex offender in Shelby County since 2002, and was in regular contact with Chase, the registrar, yet he still failed to comply with the sex offender registration requirements. Thus, the evidence was sufficient to prove that Appellant acted with the requisite culpable mental state for the offense of failure to register. *See id.*; *Robinson*, 466 S.W.3d at 172; *see also Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. Accordingly, viewing the evidence in the light most favorable to the verdict, we conclude that the trial court was rationally justified in finding, beyond a reasonable doubt, that Appellant committed the offense of failure to register as a sex offender. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Brooks*, 323 S.W.3d at 899. Appellant's first issue is overruled.

### VARIANCE

In his second issue, Appellant argues that "there is a fatal variance between his indictments and the evidence adduced at trial which violated his due process rights."

5

**Discussion**

A "variance" occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). In a variance situation, the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the charging instrument. *Id.*

In this case, Appellant was charged by two indictments with failing to register as a sex offender. The indictment for the June 6, 2016 failure to register charge reads, in pertinent part, as follows:

> on or about June 06, 2016 and before the presentment of this Indictment, in the County and State aforesaid, did then and there, while being a person required to register with the local law enforcement authority in the county where the defendant resided or intended to reside for more than seven days, to-wit: Shelby County, because of a reportable conviction for Contributing to the Delinquency of A Juvenile, intentionally or knowingly fail[ed] to register with the local law enforcement authority in Shelby County.

The second indictment reads exactly the same, except that it states the offense occurred on or about July 8, 2016.

Appellant complains that "the two indictments created a 'material variance' so that Appellant was misled and surprised which prejudiced him of his substantial rights and is thus fatal." Appellant's reliance on the variance doctrine is misplaced. At trial, the State offered evidence that Appellant failed to comply with the registration requirements of Chapter 62 by failing to disclose an online identifier, i.e. his Facebook account, and by failing to obtain a Texas issued driver's license. Thus, there was no variance between the proof offered at trial, and what was alleged in the indictments. *See id.*

In essence, Appellant complains that the indictments lacked the specificity required to afford him fair notice of the charges. However, Appellant was obligated to lodge this objection prior to trial to preserve this issue for appellate review. TEX. CODE CRIM. PROC. ANN. art. 1.14 (b) (West 2005) ("[I]f the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity on appeal or in any other post-conviction proceeding."). A review of the record shows that Appellant did not object before trial to the alleged failure of the indictments to afford sufficient notice of the charges against him. Rather, Appellant objected only after the State rested its case. Thus,

Appellant failed to preserve this issue for appellate review.  *See id.*; *see also **Mills v. State***, 941 S.W.2d 204, 208 (Tex. App.—Corpus Christi 1996, pet ref'd).  We overrule Appellant's second issue.

## CONCLUSION

Having overruled Appellant's two issues, we ***affirm*** the trial court's judgments.

**BRIAN HOYLE**
Justice

Opinion delivered October 3, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 3, 2018**

**NO. 12-17-00298-CR**

**DONALD RAY RUNNELS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 123rd District Court
of Shelby County, Texas (Tr.Ct.No. 17CR20,074)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 3, 2018

### NO. 12-17-00299-CR

**DONALD RAY RUNNELS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 123rd District Court
of Shelby County, Texas (Tr.Ct.No. 17CR20,083)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*